■ In the Matter of JACK ISAACSON, Respondent, v SUSAN B. MANASHEL, Appellant. (Proceeding No. 1.) In the Matter of HOWARD MANASHEL, Appellant, JACK ISAACSON, Respondent. (Proceeding No. 2.) — In consolidated proceedings, (1) pursuant to article 6 of the Family Court Act for custody and/or visitation of a minor, and (2) for the adoption of said minor the appeal by Susan Manashel in the custody and/or visitation proceeding and by Howard Manashel in the adoption proceeding is, as limited by their brief, from so much of an order of the Family Court, Queens County (Meyer, J.), dated March 16, 1982, as continued the visitation rights of the infant's father, Jack Isaacson, established in an order of the Superior Court of the State of New Jersey, dated February 27, 1981, and dismissed the adoption petition. Order modified, on the facts and as a matter of discretion, by adding to the paragraph thereof which continued the visitation established by the order of the Superior Court of the State of New Jersey, the following: The father Jack Isaacson, is to give the mother, Susan Manashel, written notice of not less than five days, stating which of the alternate weekend days he has selected to visit, either Saturday or Sunday, and the hour he and the hired detective will be at "the Greater Flushing 'Y' ", as well as the hour he will return the child thereto, in accordance with the order of said Superior Court. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. Contrary

to the appellants' contention, the record does not establish by clear and convincing evidence that the father of the child is "presently and for the foreseeable future unable, by reason of mental illness or mental retardation, to provide proper and adequate care for [his] child" as required by statute (see Social Services Law, § 384-b, subd 4, par [c]; Domestic Relations Law, § 111, subd 2, par [e]). The proof in this record falls far short of meeting that test and, therefore, the father's consent to the adoption may not be dispensed with. Neither does the record support a conclusion that the father should be precluded from visiting with his child for five to six hours for one day every other weekend, under the supervision of a hired detective. The day selected and the hours, should, however, be known to the mother and the child at least five days in advance and we have therefore modified the order accordingly. Titone, J. P., Mangano, Gibbons and Weinstein, JJ., concur.